FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 24 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————
UNITED STATES OF AMERICA,    )
                             )        07-CR-874 (JBW)
        v.                   )
                             )   Statement of Reasons Pursuant to
                             )      18 U.S.C. § 3553(c)(2)
BRIAN SANTANO,               )
                             )
            Defendant.       )
———————————————————————)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On July 16, 2008, Brian Santano pled guilty to count one of a forty-count second redacted indictment, which charged that between May 2006 and November 2007, Santano and others conspired to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii).

A sentencing hearing was conducted on November 25, 2008. Imposition of the sentence was stayed and a psychiatric evaluation ordered by the court. In light of events subsequent to the first hearing, on June 22, 2009, a second sentencing hearing was conducted, the "original sentence" cancelled, and a new sentence imposed. Both proceedings were videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The minimum term of imprisonment for the crime to which Santano pled guilty was ten years. See 21 U.S.C. § 841(b)(1)(A ). On November 25, 2008, at the first sentencing hearing, the parties notified the court that Santano had been unwilling to speak with the government in order to be considered eligible for the "safety valve" pursuant to 18 U.S.C. § 3553(f). The court permitted the defendant a recess for additional and thorough discussion of the matter with his legal counsel and family members. Following the recess, the defendant indicated that he was still unwilling to speak with the government and to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," a requirement to be eligible for the

2

safety valve. See id. Based on a criminal history category of one and total offense level of thirty-one, yielding a guidelines range of imprisonment between 108 and 135 months, the court sentenced the defendant to the 120-month statutory mandatory minimum sentence. The defendant's young age, intelligence, and apparent ability to improve his life were noted.

On November 26, 2008, one day following this sentencing hearing, the court issued the following order:

> Defendant was sentenced to ten years imprisonment pursuant to the statutory minimum sentence for the offense to which he pled guilty. The imposition of the sentence is stayed pending a psychiatric evaluation. See 18 U.S.C. § 3552(c); 18 U.S.C. § 4244(b). The psychiatric evaluation and report must be completed within thirty days, subject to application to the court for an extension.
> Either party may move for resentencing or other relevant hearing upon receipt of the psychiatric evaluation report. If no such motion is made within fifteen days of receipt of the report, the stay will be lifted and sentencing will be deemed to have been imposed as ordered on November 25, 2008.

Order, Nov. 26, 2009, Docket Entry No. 184.

A psychiatric evaluation of defendant was conducted on December 11, 2008, and February 9, 2009. The evaluation indicated that the defendant did not suffer from a major mental illness and was capable of proceeding with sentencing.

During the stay of imposition of the November 2008 sentence, Santano satisfied the safety valve elements, including section 3553(f)(5), as follows: 1) Santano does not have more than one criminal history point; 2) he used no violence, threats, or dangerous weapons in connection with the offense; 3) there was no serious bodily harm caused to anyone; 4) he was not an organizer, leader, manager, or supervisor of the criminal enterprise; and 5) he truthfully provided to the government information regarding the offense. See 18 U.S.C. § 3553(f). The government agreed that the defendant was entitled to the safety valve. He therefore received a

two-point reduction to the total offense level, see U.S.S.G. §§ 2D1.1(b)(11), 5C1.2, and relief from the statutory mandatory minimum sentence of imprisonment.

At the hearing of June 22, 2009, the prior "sentence" was cancelled and a new sentence was imposed. The court found the total offense level to be twenty-nine and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 87 and 108 months. The offense carried a maximum term of imprisonment of life. 21 U.S.C. §841(b)(1)(A). The guidelines range of fine was from $15,000 to $150,000. The underlying charges in the indictment were dismissed upon motion by the government.

Santano was sentenced to thirty-seven months imprisonment and five years supervised release. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and probably will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious. The defendant was a member of a gang that disturbed the peace and threatened the safety of a public housing project. He was extremely young during the time of his involvement in this drug sales operation. He has the benefit of considerable support from his family, who expressed that they are moving to a different community to assist in Santano's continued rehabilitation and reintegration into society. His former employer indicated that Santano is a talented barber and

would have a job in his shop available to him upon his release. He is an intelligent individual who appears capable of leading a productive, law-abiding life.

The court noted the discrepancy in the sentencing guidelines between cocaine and cocaine base, finding that application of the cocaine-determined offense level is appropriate in the present case. A sentence of thirty-seven months imprisonment and five years supervised release reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a message that any involvement in drug gangs will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation.

Jack B. Weinstein
Senior United States District Judge

Dated: July 6, 2009
        Brooklyn, New York

5